UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEVIN HAYWOOD,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-860-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNELL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Devin Haywood ("Haywood") (#17328-035). Haywood is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Haywood challenges the legality of his sentence.

Because Haywood cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed for lack of jurisdiction.

I.  Background

Haywood was convicted of attempted bank robbery in violation of 18 U.S.C. § 2113(a) and conveying false information regarding an explosive device in violation of 18 U.S.C. § 844(e). Haywood was sentenced to a total term of 120 months of imprisonment. (6:14-CR-155; Doc. 50).

Haywood claims that he is entitled to proceed under the savings clause of 28 U.S.C. § 2255(e) based on Johnson v. United States, 135 S. Ct. 2551 (2015) and Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Haywood argues that his attempted bank

robbery conviction is not a crime of violence, so his sentence was improperly enhanced under the United States Sentencing Guidelines ("USSG"). (Doc. 1-2).

II. **Law and Analysis**

    A. **Haywood cannot meet the requirements of the savings clause.**

Haywood seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct. at 2563.

Haywood claims that Johnson was expanded by Dimaya. In Dimaya, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Dimaya, 138 S. Ct. at 1210. Haywood concludes that, because § 924(c)(3)(B) is "materially identical" to the crime of violence definition under § 16(b), then § 924(c)(3)(B) is also unconstitutional. (Doc. 1, p. 7).

Neither Johnson nor Dimaya apply to Haywood's conviction or sentence because Haywood was not sentenced pursuant the ACCA or § 924(c).

Haywood's claim that his sentence is improper under the USSG because he was not convicted of a crime of violence is also without merit. Section 2113(a)—which criminalizes bank robbery and attempted bank robbery—categorically qualifies as a crime of violence under the USSG. See Massenburg v. Stancil, 729 F. App'x 339, 340 (5th Cir. 2018) (citing United States v. Brewer, 848 F.3d 711, 715-16 (5th Cir. 2017)); United States v. Cadena, 728 F. App'x 381 (5th Cir. 2018) ("We have held that bank robbery, as defined under § 2113(a), qualifies as a crime of violence because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force.").

Therefore, Haywood has failed to identify a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Haywood's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Haywood's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

4

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_24th\_\_ day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

5